[Crim. No. 3458.   Second Dist., Div. One.   Oct. 1, 1941.]

THE PEOPLE, Respondent, v. ELZIA EDWARD MEAD, Appellant.

Elzia Edward Mead, *in pro. per.*, for Appellant.

Earl Warren, Attorney General, and Gilbert F. Nelson, Deputy Attorney General, for Respondent.

DORAN, J.—Appellant was accused by information of three counts of armed robbery and with three prior felony convictions of larceny and burglary. The three felony convictions were admitted by the defendant before trial. The jury adjudged defendant guilty of the three offenses as alleged and judgment was entered accordingly.

The appeal is from the judgment and an order denying defendant's motion for a new trial.

The record reveals that upon the evening of September 28, 1940, a man wearing a mask entered the Safeway Store in El Monte, California, walked up to the cashier and, pointing a revolver at him, said, "This is a stick up." He then removed the money from the cash register and in addition took $29 from the cashier. Defendant was identified afterwards and at the trial by the cashier and also by the meat cutter, who witnessed the robbery.

Count II alleged in substance, and it was so established at the trial, that on the morning of October 2, 1940, about 8 o'clock an employee of the gas company was sitting in his parked car back of the company's office waiting to go to work when a man, later identified as defendant, approached, pointed a revolver at the employee and ordered him to open the office door. When informed by the employee that he, the employee, had no key, defendant sat in the same car and waited until another employee arrived and opened the office door. Defendant approached the door at the same time demanding that the door be left open. The other employee, however, closed the door; whereupon defendant returned to the car, ordered the owner out and drove away. Both of these witnesses identified defendant.

The third count alleges and the evidence established that on the night of October 5, 1940, defendant robbed another market in El Monte. Upon this occasion defendant fired a shot into the floor, struck the cashier with the gun, obtained $153 and escaped in an automobile, the license number of which was obtained, by which means the defendant was later arrested. Defendant was identified by five witnesses of this robbery.

The defendant did not testify at the trial.

■ It is contended on appeal that the evidence is not sufficient to establish defendant's guilt beyond a reasonable doubt, a contention based in part upon the argument that no gun, mask, money, etc., was found upon defendant when he was later arrested; also evidence of an alibi conflicts with the evidence of the witnesses who identified defendant, which, it is urged by appellant, in effect is sufficient to raise a reasonable doubt. Manifestly, there can be no merit to such contentions. Assuming that a true conflict existed, it was for the jury to determine the issue thus raised and having done so, such conclusion cannot be disturbed on appeal. The evidence abundantly sustains the judgment.

■ It is also urged that the court erred with relation to a ruling refusing to permit defendant to walk, as an example of his natural style, for the benefit of a witness for the people then under cross-examination by defendant. The court ruled against defendant, which is assigned as error. Such questions are addressed to the trial court's discretion and unless an abuse thereof is shown, resulting in manifest prejudice, a ruling of the nature here involved is not error. An examination of the record reveals that no prejudice resulted from the ruling.

The record reveals no prejudicial errors. The judgment and order are affirmed.

York, P. J., and White, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 30, 1941.